IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARENCE W. BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-12-822-HE |
| ) | |
| GARFIELD COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, appearing *pro se* has filed this civil rights action pursuant to 42 U.S.C. §1983 alleging violations of his constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U. S. C. §636(b)(1)(B).

On July 26, 2012, Plaintiff filed a motion for leave to proceed *in forma pauperis*. [Doc. No. 2]. Plaintiff's motion was deficient, and the court directed Plaintiff to cure the deficiencies in his motion by August 16, 2012. [Doc. No. 5]. Plaintiff responded to the court's order by stating that the Garfield County Jail refused to provide him with a statement of his institutional account. The undersigned granted Plaintiff an extension of time – until August 30, 2012 – in which to cure the deficiencies in his motion and advised him that a copy of the order could be given to the appropriate jail officials to expedite the process. [Doc. No. 7]. This order was returned as undeliverable on August 10, 2012.

On August 14, 2012, Plaintiff notified the court of his change of address, which indicated a private residence. Since Plaintiff's financial status could have changed since his

release from incarceration, the undersigned entered an order on September 7, 2012, directing Plaintiff to submit a new application to proceed in forma pauperis that provided updated information regarding Plaintiff's financial condition following his release from Garfield County Jail. [Doc. No. 10]. Plaintiff was further advised in the order that failure to comply could result in the dismissal of his action.

A review of the court file reveals that as of this date Plaintiff has not responded to this court's order. He has not submitted any information regarding his financial status, shown good cause for his failure to do so, or requested an extension of time to comply with the order. The undersigned finds that Plaintiff's failure to comply with this court's order together with the court's right and responsibility to manage and control its case load, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n. 2, 1162 (10th Cir. 2007) (sua sponte dismissal for failure to comply with court's order permitted under federal rule, and court need not follow any particular procedures in dismissing action without prejudice for failure to comply). Plaintiff's lack of interest in maintaining this litigation combined with the court's inherent power to manage judicial resources warrants dismissal of this action without prejudice. Accordingly, it is recommended that the action be dismissed without prejudice.

## RECOMMENDATION

Therefore, it is the recommendation of the undersigned that Plaintiff's action be dismissed without prejudice to refiling. Any objection to this Report and Recommendation must be filed with the Clerk of this Court on or before the 23rd day of October, 2012, in

accordance with 28 U. S. C. §636 and Federal Rule of Civil Procedure 72.  Failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both the factual findings and the legal issues decided herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in the captioned matter.

ENTERED this 3rd day of October, 2012.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE